# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GARY L. SCHMELZER,<br>Plaintiff, | Case No. 1:10-cv-803<br>Spiegel, J.<br>Litkovitz, M.J. |
| vs. | |
| PATRICK R. DONAHOE,<br>Postmaster General United States<br>Postal Service,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Gary L. Schmelzer, proceeding pro se, brings this action against defendant Patrick R. Donahoe, Postmaster General United States Postal Service, alleging discrimination in employment. This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (Doc. 23), plaintiff's response in opposition (Doc. 25), defendant's reply memorandum in support of his motion (Doc. 26), and plaintiff's supplemental memorandum (Doc. 28).

## I. Procedural background

Plaintiff filed his complaint in this matter on November 15, 2010. (Doc. 1). The complaint asserts a claim against defendant Donahoe for violation of plaintiff's rights under § 42 U.S.C. § 2000e-2(a)(1)[1]. The complaint alleges that plaintiff was denied a postal job for which he applied at the Cincinnati Bulk Mail Center and that the job was instead given to a white non-applicant. The statement of facts set forth in the complaint reads, in its entirety, as follows:

---

[1] Title 42 U.S.C. § 2000e-2(a)(1) provides: "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color . . . or national origin. . . ."

> I applied for a posted PEDC (OSHA) required postal job at the Cincinnati Bulk Mail Center in October 2008. The job posting was rescinded 2 months later in December 2008 and given within several days to a white NON-APPLICANT. The job was subsequently re-posted and filled in December of 2009.

(*Id.* at 2, emphasis in original).

Plaintiff attached to the complaint the "Final Agency Decision" issued by the United States Postal Service resolving the discrimination complaint filed by plaintiff with the Postal Service. (Doc. 1-1). The decision states that in the affidavit plaintiff filed in support of his administrative complaint, plaintiff identified his race and national origin as "German." (Doc. 1-1, Final Agency Decision, p. 1, n. 1). However, the decision identifies plaintiff's race as Caucasian. (*Id.*).

On March 15, 2011, the Court issued an Order directing plaintiff to serve a summons and copy of the complaint on defendant within 20 days or show cause why service could not be effected. (Doc. 2). The summons was subsequently served on defendant, and defendant filed an answer to the complaint on June 29, 2011. (Doc. 12). Approximately nine months later, on April 9, 2012, defendant filed his motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and pursuant to Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 23).

## II. The complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) based on plaintiff's failure to timely effect service on the United States Attorney for the Southern District of Ohio within 120 days as required under Fed. R. Civ. P. 4(m). Defendant asserts the complaint was filed on November 7, 2010[2]; service was to be effected on or before March 7, 2011; on March 15, 2011, the Court issued its show cause order to plaintiff requiring him to effect service

---

[2] The complaint was actually filed on November 15, 2010. (Doc. 1).

2

within 20 days; and the complaint was not served on the United States Attorney for the Southern District of Ohio until May 10, 2011. (Doc. 23 at 4-5).

Rule 12(b) requires that a motion asserting the defense of insufficient service of process under Rule 12(b)(5) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A party waives the defense of insufficient service of process if he fails to include the defense either in a motion under Rule 12 or in a responsive pleading. See Fed. R. Civ. P. 12(h)(1)(B). Rule 12(h)(1)(B) requires a defendant "to either (i) 'make' an insufficient-service defense in a pre-answer motion or (ii) simply 'include' the defense in the answer." *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012). A defendant has "the option to preserve the defense in either manner," provided he has not already filed a motion under Rule 12 in which he failed to assert the defense. *Id.* Even if a defendant has properly asserted a defense of insufficiency of service in his answer, he must still raise the issue by motion at some point for the court's determination, and he may forfeit the defense if he waits too long to do so. *Id.* at 658. Thus, although the defendant in *King* asserted the defense of insufficiency of service in his answer, the Court nonetheless held that he forfeited the defense by waiting until "well after the 120-day period expired to press his service defense in a motion and, in the meantime, took substantial steps to defend the case on the merits." *Id.* at 661.

Here, defendant did not assert the defense of insufficiency of service in his answer. (See Doc. 12). Nor did he file a pre-answer motion asserting the defense. Instead, defendant waited until well beyond expiration of the 120-day period - nearly seven months - to raise the issue in his motion to dismiss. Before raising the issue, defendant participated extensively in the defense of the case, including taking defendant's deposition (Doc. 16), filing a motion to compel discovery (Doc. 17), and seeking extensions of the discovery and dispositive motion deadlines

3

(Docs. 19, 21). Defendant has thereby forfeited the defense of insufficiency of service of process. *See King,* 694 F.3d at 661. Accordingly, this matter should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

**III. The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.**

   **A. Standard of review**

Rule 12(b) requires that a motion asserting the defense of failure to state a claim for relief under Rule 12(b)(6) must be filed before the defendant files his responsive pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). However, this defense may also be raised in a Rule 12(c) motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(h)(2)(B), which a defendant may file "[a]fter the pleadings are closed--but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c).

Defendant did not file his motion to dismiss the complaint under Rule 12(b)(6) until after he had filed an answer (*see* Doc. 12) and the pleadings were closed, which is not permissible under Rule 12(b). However, defendant may raise the defense of failure to state a claim for relief in a Rule 12(c) motion for judgment on the pleadings. The Court will therefore construe defendant's motion to dismiss the complaint on this ground as a motion for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B).

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). The Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008); *In re Sofamor Danek Gp.,*

*Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The complaint must "present enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A plaintiff who asserts a federal employment discrimination claim is not required to plead facts establishing a prima facie case under the *McDonnell Douglas* framework in order to state a claim for relief. *Gambill v. Duke Energy Corp.*, No. 1:06-CV-00724, 2007 WL 2902939, at *4 (S.D. Ohio Oct. 2, 2007) (Spiegel, J.) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). *See also Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007).[3] Rather, "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510.

Although the district court is not permitted to consider matters beyond the complaint in resolving a motion for judgment on the pleadings, *see Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008), the court may consider exhibits attached to the complaint as these form part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

---

[3] The Court in *Lindsay* confirmed that the law set forth in *Swierkiewicz*, 534 U.S. 506, remains good law after *Twombly*.

## B. The complaint fails to state a claim for relief.

Defendant argues that the complaint fails to state a claim for relief because plaintiff did not exhaust his administrative remedies for his claim of discrimination based on color.[4] (Doc. 23 at 5). Defendant contends that whereas plaintiff, a Caucasian, alleged in his administrative complaint that he was discriminated against based on his German race and national origin, he alleges in the present complaint that he was discriminated against based on his color when an unnamed "white" individual was given the position he sought. Defendant also argues that plaintiff has failed to exhaust his administrative remedies as to any claims pertaining to the December 2009 re-posting and filling of the job he sought because these claims were not raised in the administrative proceeding. (Doc. 6 at 6-7). Finally, defendant argues the complaint must be dismissed because (1) "the complaint is devoid of evidence of discrimination" concerning the December 2009 re-posting and filling of the job for which plaintiff applied as plaintiff was not an employee of the agency at that time, and (2) plaintiff has failed to present prima facie evidence of discrimination based on color concerning the position he was allegedly denied in 2008.

In response, plaintiff makes allegations that are not included in the complaint. (Doc. 25). Plaintiff alleges that he was unable to perform his regular job due to physical impairments, he suffered a number of harmful effects as a result of not being given the position he sought, and the position was filled as a "temporary detail" by an individual named Dick Betz from January to December 2009 and then by another unnamed applicant two months after plaintiff retired in October 2009.

---

[4] Exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). A federal employee must take the following steps to exhaust his administrative remedies: consult with an EEO counselor within 45 days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file an individual complaint of discrimination with his agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a). *Id.*

The Court need not address whether plaintiff has exhausted his administrative remedies because even assuming he fulfilled the exhaustion requirements, the complaint fails to state a claim for relief for employment discrimination. Contrary to defendant's argument, plaintiff need not present evidence or plead facts establishing the elements of his prima facie case in order to state a claim for relief for discrimination. *See Gambill*, No. 1:06-CV-00724, 2007 WL 2902939, at *4. Nevertheless, plaintiff is required to plead sufficient facts that provide fair notice to defendant of his claim for discrimination and the grounds upon which his claim rests, see *Nader*, 545 F.3d at 470, and he must state "a claim to relief that is plausible on its face." *See Twombly*, 550 U.S at 570. Plaintiff's allegations that a white individual was given the job for which he applied in October 2008 and that the job was subsequently re-posted and filled in December 2009 fail to provide fair notice to defendant of the grounds for plaintiff's claim. Nor do plaintiff's allegations state a plausible discrimination claim under 42 U.S.C. § 2000e-2(a)(1). Plaintiff is identified in the Final Agency Decision attached to his complaint as Caucasian[5], so his allegation that a white individual was given the job for which he applied in 2008, accepted as true, fails to raise a plausible inference of discriminatory motive as to race or color and cannot support a claim for discrimination under the statute. In addition, plaintiff makes no allegations concerning the re-posting and filling of the job position in December 2009 that support a claim he was discriminated against on the basis of race, color or national origin. Thus, because plaintiff has not satisfied the pleading requirements of Fed. R. Civ. P. 8(a), the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim for relief.

---

[5] *See* Final Agency Decision, Doc. 1-1, p. 1, n. 1. The decision is part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c).

7

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) be DENIED.

2. Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) be construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the motion be GRANTED, and this case be TERMINATED on the Court's docket.

Date: 12/27/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY L. SCHMELZER,
    Plaintiff

vs.

PATRICK R. DONAHOE,
Postmaster General United States Postal Service,
    Defendant.

Case No. 1:10-cv-803
Spiegel, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Gary L. Schmelzer
Kelkheimer Str
#7 D-65843
Sulzbach
Germany

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7002 3150 0000 8389 9555

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540